IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| K.A., individually and on behalf of L.A. a minor,<br><br>  Plaintiffs,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY and UNITED BEHAVIORAL HEALTH,<br><br>  Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE**<br><br>2:23-cv-00315-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

  This case arises under the Employee Retirement Income Security Act of 1974 (ERISA). Plaintiff K.A., individually and on behalf of his minor daughter, L.A., alleges Defendants UnitedHealthcare Insurance Company (UHIC) and United Behavioral Health (UBH) (collectively, United) violated ERISA by denying residential mental health treatment benefits for his daughter.[1] Now before the court is United's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).[2] For the reasons explained below, the Motion is GRANTED.

## BACKGROUND

  K.A. and L.A. reside in Cook County, Illinois.[3] UHIC is a Connecticut corporation with its principal place of business in Connecticut.[4] UBH is a California corporation with its principal place of business in California.[5] UHIC was the insurer and claims administrator for medical

---

[1] Dkt. 1, *Complaint* ¶ 6.

[2] Dkt. 16, *Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)* (*Motion to Transfer*).

[3] *Complaint* ¶ 1.

[4] *Motion to Transfer* at 2.

[5] *Id.*

benefits under the health plan (the Plan) providing coverage for L.A. during the relevant period.[6] Claims for mental health benefits under the Plan are administered by UBH.[7] The Plan sponsor is located in Arizona.[8]

From September 7, 2021 to August 4, 2022, L.A. received medical care and treatment at Shelterwood Academy, an inpatient mental health facility located in Missouri.[9] After paying for the first month of L.A.'s treatment at Shelterwood, United denied further coverage, stating she "no longer seem[ed] to need the intensity of residential care."[10] United denied each of Plaintiff's subsequent appeals, upholding the initial denial of coverage.[11] Having exhausted pre-litigation appeal obligations, K.A. filed a Complaint with this court on May 15, 2023.[12]

## PROCEDURAL HISTORY

K.A. brings a single cause of action in his Complaint: a claim for recovery of benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B).

On September 8, 2023, United filed its Motion.[13] United requests the court transfer the case to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a).[14] The Motion is now fully briefed and ripe for review.[15] The court first sets forth the relevant legal standards before analyzing their application.

---

[6] *Id.* at 3; *Complaint* ¶ 2.

[7] *Motion to Transfer* at 3; *Complaint* ¶ 3.

[8] *Motion to Transfer* at 3.

[9] *Complaint* ¶ 5.

[10] *Id.* ¶ 18, 19.

[11] *See id.* ¶¶ 20–23.

[12] *Id.* ¶ 41.

[13] Dkt. 16, *Motion to Transfer*.

[14] *Id.* at 1.

[15] Dkt. 21, *Plaintiff's Opposition to Defendants' Motion to Transfer* (*Opposition*); Dkt. 22, *Defendants' Reply Memorandum in Support of Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(A)* (*Reply*).

## LEGAL STANDARDS

Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[16] Section 1404(a) is "a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court systems."[17] It permits "transfer to a more convenient forum, even though venue is proper" in the transferor court.[18]

## ANALYSIS

United argues this action should be transferred to the Northern District of Illinois because "[t]here is no relevant relationship between the District of Utah and any of the parties or claims in this case."[19] None of the parties reside in Utah.[20] K.A. and his daughter, L.A., are residents of Illinois. UHIC and UBH are, respectively, Connecticut and California corporations.[21] The Plan is located and administered in Arizona.[22] L.A.'s treatment occurred at a facility in Missouri.[23] According to United, the only connection between this case and Utah is K.A.'s counsel's office and a United facility in Salt Lake City through which some documentation related to the claim may have passed.[24] Therefore, venue is more appropriate in Illinois where K.A. resides and the

---

[16] 28 U.S.C. § 1404(a).

[17] *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. Of Tex.*, 571 U.S. 49, 60 (2013).

[18] *Id.* (quoting § 1404 Historical and Revision Notes).

[19] *Motion to Transfer* at 2.

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*

3

alleged breach occurred.[25] K.A. responds that his choice of forum should not be disturbed because United fails to meet its burden of establishing the existing forum is inconvenient.[26] The court agrees with United.

The court first determines whether the action could have originally been brought in the proposed transferee district.[27] ERISA's venue provision provides claims "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."[28] Utah courts consistently hold "[t]he breach of an ERISA plan occurs at the place the policy holder resides and would have received benefits."[29] Accordingly, "any breach of duty owed under the plan, occurs at the place where the plan participant resides" and "where the payment is to be made," regardless of whether services were provided or denial decisions occurred out-of-state.[30] Here, there is no dispute the action could have originally been brought in the Northern District of Illinois—where K.A. resides and any alleged breach occurred.

Next, the court considers whether convenience and the interest of justice support a transfer. "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."[31] However, "[m]erely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of

---

[25] *Id.*

[26] *Opposition* at 4. K.A. first argues venue is proper in Utah. This is a Motion to Transfer under § 1404(a). Section 1404 "does not condition transfer on the initial forum's being wrong." *Atl. Marine Const. Co.*, 571 U.S. at 59. The propriety of venue in Utah is undisputed.

[27] *Howard W. v. Providence Health Plan*, No. 2:20-cv-463-JNP, 2021 WL 4459856, at *3 (D. Utah Sept. 29, 2021).

[28] 29 U.S.C. § 1132(e)(2).

[29] *F.F.*, 2023 WL 2574367, at *2 (compiling cases).

[30] *Id.* (quoting *IHC Health Servs., Inc. v. Eskaton Props., Inc.*, No. 2:16-CV-3-DN, 2016 WL 4769342, at *4–5 (D. Utah Sept. 13, 2016) (internal citations and quotations omitted)).

[31] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

venue."[32] There are "a number of case-specific factors" the court weighs when considering whether a movant has met its burden:[33]

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.[34]

Since this case could have been brought in the Northern District of Illinois, the sole issue is whether that is a more appropriate forum considering the factors set forth above. The parties agree factors concerning the cost of making necessary proof, enforceability of judgment, advantages or obstacles to a fair trial, and conflict of laws issues do not point in either direction.[35] Accordingly, each of the remaining factors are addressed to "determine whether this case should be transferred for fairness and convenience."[36]

### A. Plaintiff's Choice of Forum

Generally, "unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed."[37] "The plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district."[38] A plaintiff's choice also receives little

---

[32] *Emp.'s Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (internal quotation marks omitted).

[33] *F.F. v. Capital BlueCross*, No. 2:22-cv-494-RJS-JCB, 2023 WL 2574367, at *2 (D. Utah Mar. 20, 2023) (citing *Atl. Marine*, 571 U.S. at 59).

[34] *Chrysler Credit Corp.*, 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

[35] *Opposition* at 6–7; *Reply* at 5.

[36] *Howard W.*, 2021 WL 4459856, at *4.

[37] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 667, 664 (10th Cir. 1972)).

[38] *Emp.'s Mut. Cas. Co.*, 618 F.3d at 1168.

weight "where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum."[39]

United argues K.A.'s choice of forum should be afforded little deference because "Plaintiffs reside outside Utah and the facts giving rise to this action have no material relation to this District."[40] K.A. concedes his choice is entitled to "less deference," but contends United does "not meaningfully explain why the Court should afford K.A.'s choice *no deference at all*."[41] Given the strong presumption against disturbing a plaintiff's forum choice, according to K.A., "this factor weighs, even if only lightly, against transfer."[42] The court disagrees.

Contrary to K.A's assertion, United did explain why his choice is entitled to little deference. When "facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum," that forum choice has little weight.[43] The only connection this case has to Utah is (1) K.A's counsel is here, and (2) United has a facility through which some documents related to the benefits claim may have passed—though no claim decisions were made in Utah. Concerning the first, the location and convenience of K.A's chosen counsel "is irrelevant and should not be considered in evaluating whether transfer is proper under § 1404(a)."[44] Concerning the second, numerous courts in this district have determined ties more substantial than this fail to establish a significant connection warranting

---

[39] *Id.* (internal quotations and citation omitted).

[40] *Motion to Transfer* at 5.

[41] *Opposition* at 5 (emphasis in original).

[42] *Id.*

[43] *Emp.'s Mut. Cas. Co.*, 618 F.3d at 1168.

[44] *David L. v. McGraw-Hill Cos.*, No. 1:13-CV-00176-DS, 2014 WL 1653197, at *2 (D. Utah Apr. 23, 2014).

deference to a plaintiff's forum choice.[45] Given the lack of any meaningful connection to this district, the court concludes K.A.'s choice of forum is entitled to little weight.

### B.  Accessibility of Witnesses and Other Sources of Proof

Though the convenience of witnesses is typically the most significant factor in a § 1404(a) analysis, in the ERISA context it has less bearing since the court's review is generally confined to the administrative record.[46] However, "to the extent witnesses may be required, courts have concluded the relevant witnesses in ERISA cases are those involved in administering the plan and denying the claims."[47]

United argues, notwithstanding K.A's allegation that some of the relevant claims and appeals were "processed" in United's Utah facility, the Plan was not administered in Utah, claims were not denied in Utah, and any relevant documents and witnesses are not located in Utah.[48] K.A. counters that if witnesses were necessary, some "would likely come from Utah because some of [his] claims were processed in Utah."[49] K.A. further argues United provides no explanation why its choice of forum should trump his choice, given the geographic dispersion of

---

[45] *See T.S. v. Anthem Blue Cross Blue Shield and Deloitte LLP Group Ins. Plan*, No. 2:22-CV-202-DAK, 2023 WL 2164401, at *3 (D. Utah Feb. 22, 2023) ("[N]ot only do Plaintiffs not reside in Utah, but treatment was not even provided in the District of Utah.  Therefore, the court must conclude that Plaintiffs' choice of forum is entitled to very little, if any, weight and is not controlling."); *Richard T.B. v. United Healthcare Ins. Co.*, No. 2:18-cv-73-JNP, 2019 WL 145736, at *3 (D. Utah Jan 9, 2019) (ascribing "little weight" to plaintiffs' choice of forum where only connection to Utah was medical treatment was received in the district); *Rula A.-S. v. Aurora Health Care*, 2020 WL 7230119, at *3 (D. Utah Dec. 8, 2020) (finding plaintiffs' "choice of forum is entitled to less deference and is not controlling" when location of treatment is Utah's only connection to the case); *Michael M. v. Nexen Pruet Grp. Med. & Dental Plan*, No. 2:17-cv-01236-TS, 2018 WL 1406600, at *5 (D. Utah Mar. 19, 2018) (finding plaintiffs' choice of forum "not controlling" because only connection to Utah was place of treatment); *Eskaton Props.*, 2016 WL 4769342, at *9 (determining plaintiff's choice of forum "not a controlling factor" where only connection between Utah and the operative facts was the location of treatment).

[46] *See Rula A.-S.*, 2020 WL 7230119, at *4; *Michael M.*, 2018 WL 1406600, at *6.

[47] *Rula A.-S.*, 2020 WL 7230119, at *4.

[48] *Motion to Transfer* at 7.

[49] *Opposition* at 6.

individuals involved in reviewing K.A's claim.[50] Lastly, K.A. cites *Bruce R. v. United Behavioral Health*, where the undersigned denied a purportedly "similar request by United to transfer venue" because United processed some of the claims at issue in Utah.[51]

Each of K.A's arguments concerning this factor fail. First, his claims were not processed in Utah and the relevant individuals involved in the denial of benefits are not located in Utah.[52] It is irrelevant that certain documentation may have passed through a Utah facility. Courts in this district have determined transfer appropriate—even where some claim-related communication occurred in Utah—when the "plan was not administered in Utah and the decisions about coverage were not made in Utah."[53]

Next, K.A.'s argument that United does not establish why its choice of forum should prevail over his fails to account for the court's conclusion above. Given the lack of any meaningful connection between Utah and the operative facts of this case, K.A's choice is given little deference. His choice of forum carries no more weight in this case than United's. United does not have to establish this for each element—it underlies the court's entire § 1404 analysis.

Lastly, K.A's citation to *Bruce R.* is unavailing because that case is distinguishable from the facts here. In *Bruce R.*, unlike here, the plaintiff's claims were undisputedly processed in Utah.[54] Further, in addition to relevant claims processing occurring in Utah, the plaintiff in *Bruce R.* also received treatment in Utah.[55]

---

[50] *Id.*

[51] *Id.* (quoting No. 2:18-cv-00003, 2018 WL 10232936 (D. Utah June 1, 2018)).

[52] *Reply* at 5.

[53] *Island View Residential Treatment Ctr. v. Kaiser Permanente*, No. 1:09-cv-3, 2009 WL 2614682, at *3 (D. Utah Aug. 21, 2009).

[54] *Bruce R.*, 2018 WL 10232936, at *2 ("Plaintiffs assert E.R.'s claim was processed through a UBH facility located in Utah and Defendants do not dispute this allegation.").

[55] *Id.* at *3.

8

In sum, none of the operative facts of this case have any connection to Utah and none of the individuals involved in the claim denial and appeals process are located in Utah. To the extent the accessibility of witnesses has any weight in the transfer analysis, the court concludes this factor tips in favor of United.

### C. Docket Congestion

"When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge."[56]

Considering these statistics, United demonstrates courts in the Northern District of Illinois are slightly less congested. The time from filing to disposition in civil cases is 6.5 months in the Northern District of Illinois compared to 11.3 months in the District of Utah.[57] The Northern District of Illinois has slightly less average weighted filings per judge—423 compared to 431.[58] However, the District of Utah has a slightly shorter time to trial in civil cases—54.4 months compared to 58.2 months—and fewer pending cases per judge—498 to 564, respectively.[59] K.A. concedes "this factor weighs slightly in favor of transfer," but argues it does not warrant transfer because it would just shift the inconvenience from one side to the other.[60]

K.A. does not explain—and the court does not see—how transferring the case from a forum with no connection to the operative facts to the forum where he resides, and where any

---

[56] *Emp.'s Mut. Cas. Co.*, 618 F.3d at 1169 (citations omitted).

[57] *Motion to Transfer* at 9.

[58] *Id.*

[59] *Id.*

[60] *Opposition* at 7.

9

alleged breach occurred, impermissibly shifts the inconvenience.  Regardless, any difference in docket congestion is nominal and this factor does not weigh heavily in either direction.

### D.  Practical Considerations and the Interest of Justice

Citing numerous cases from this district granting transfer, United argues "[p]ractical considerations and the interests of justice favor transfer of venue where there is simply no connection between the District of Utah and the parties, evidence, or operative facts of the case."[61]  In his Opposition, K.A. asserts "[t]his factor weighs strongly against transferring this case."[62]  He raises two primary arguments to support this contention.  First, he contends United failed to meet its burden of demonstrating this forum is inconvenient.[63]  Second, he argues United's Motion should be denied to further the "interest in 'limiting claims to one federal district'" which advances ERISA's objectives by encouraging "uniformity in the decisions interpreting [the] plan."[64]  The court again agrees with United.

First, numerous courts in this district have granted requests to transfer venue in similar factual circumstances, even when the defendant does not expressly focus on the inconvenience of litigating in this forum.  In *Danny P. v. Catholic Health Initiatives*, the court acknowledged the defendant's argument focused on why venue was "very weakly laid in Utah" but had "not shown that the lack of facts connecting the case to Utah creates significant inconvenience."[65]  However, transfer was still appropriate because "convenience is not the only policy underlying § 1404(a): the interest of justice in the proper venue should not be forgotten."[66]  The court then highlighted

---

[61] *Motion to Transfer* at 10.

[62] *Opposition* at 7.

[63] *Id.* at 8.

[64] *Id.* (quoting *Smith v. AEGON Cos. Pension Plan*, 769 F.3d 922, 931–32 (6th Cir. 2014)).

[65] No. 1:14-cv-00022-DN, 2015 WL 164183, at *3 (D. Utah Jan. 13, 2015).

[66] *Id.*

10

how any one of four other potential venues considered "bears a greater, and therefore more just connection to the case than Utah."[67] The same logic applies here. This case could have been brought in California, Arizona, Missouri, Georgia, Connecticut, or—as United requests—Illinois. All of which have "a greater, and therefore more just connection to the case than Utah."[68] United's focus on the lack of connection between Utah and the facts of this case, rather than the inconvenience of the forum, is not fatal to their Motion.

Further, K.A. omits key distinguishing details from the cases he cites in support of his position. He cites *D.K. v. United Behavioral Health* as an example of a case where "United also attempted to evade litigating in Utah" and raised similar arguments to support a venue transfer, which the court ultimately rejected.[69] In *D.K.*, United advanced two arguments: that venue was not proper because it had insufficient contacts with the State of Utah to satisfy the due process requirements of the Fifth Amendment and, alternatively, if venue is proper, the court should transfer under § 1404(a).[70]

In his Opposition, K.A. highlights language from the section of the *D.K.* court's decision concerning the propriety of venue in Utah—not the § 1404(a) transfer discussion—without clarifying that context. In its Motion to Transfer under § 1404(a) here, United does not dispute venue is proper in Utah. Rather, it argues other forums in which the case could have been

---

[67] *Id.*

[68] *Id. See also T.S.*, 2023 WL 2164401, at *4 (noting the court must also consider the interest of justice under § 1404(a) and granting transfer because none of the parties resided in Utah, the plan was not administered in Utah, and treatment was not provided in Utah); *Michael M.*, 2018 WL 1406600, at *7–8 (rejecting plaintiffs' argument that defendants failed to show inconvenience and granting transfer in the interest of justice because none of the parties resided in Utah, "the plan was not administered, adjudicated, or breached in Utah, and all other operative facts centered" in the more appropriate forum).

[69] *Opposition* at 8 (citing No. 2:17-cv-01328, 2018 WL 5281467 (D. Utah Oct. 24, 2018) (denying United's request to transfer)).

[70] *D.K.*, 2018 WL 5281467, at *2.

brought are more appropriate.  Moreover, in *D.K.*, treatment was provided in Utah.[71]  There was at least some connection between Utah and the operative facts, a connection that does not exist here.  K.A. then cites to five other cases he asserts lead the court "to only one conclusion: deny the motion to transfer."[72]  As with *D.K.*, each one of these cases feature critical factual distinctions.  K.A.'s repeated omission of key facts throughout his brief is both ineffective and unpersuasive.

Second, K.A.'s argument concerning the interest in limiting ERISA claims to a single federal district fails because the cases he cites in support of this proposition are not relevant here. He contends courts have recognized an interest in litigating claims in a single federal district because it "encourages uniformity in the decisions interpreting [the] plan, which furthers ERISA's goal of enabling employers to establish a uniform administrative scheme so that plans are not subject to different legal obligations in different states."[73]  K.A.'s quotation again lacks context.  The cases addressing a uniformity argument all concern the validity and enforceability of forum selection clauses in particular ERISA plans.  This is inapplicable here. K.A. does not argue the Plan at issue here has such a clause, much less that it designates Utah as the exclusive forum.  He simply asserts, "United has submitted to jurisdiction repeatedly in Utah, and this District is better suited than any other to interpret the Plan in a manner that encourages uniformity. . ."[74]

---

[71] *Id.* at *1.

[72] *Opposition* at 8.

[73] *Id.* at 8–9 (quoting *Smith*, 769 F.3d at 931–32).

[74] *Opposition* at 9.

The court concludes practical considerations and the interest of justice weigh strongly in favor of transfer to the Northern District of Illinois because there are no significant connections between Utah and the operative facts of this case.

## CONCLUSION

For the reasons explained above, United's Motion to Transfer is GRANTED.[75] The Clerk of Court is directed to transfer the case to the United States District Court for the Northern District of Illinois.

SO ORDERED this 3rd day of November 2023.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[75] Dkt. 16.